UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

WILLIAM JOHNSTON, a/k/a Sld Dft 1,
        *Defendant-Appellant.*

No. 02-4254

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-00-135)

Submitted: August 22, 2002

Decided: September 11, 2002

Before WILKINS, WILLIAMS, and KING, Circuit Judges.

---

Affirmed and remanded by unpublished per curiam opinion.

---

## COUNSEL

Marshall A. Swann, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Robert J. Gleason, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

William Johnston pleaded guilty to possession of a firearm after having been convicted of a crime punishable by more than one year imprisonment, in violation of 18 U.S.C. § 922(g) (2000); possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000); and using, possessing, and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000). The Government sought an enhanced sentence pursuant to 21 U.S.C. § 851 (2000), based upon Johnston's two previous felony drug convictions. Johnston's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising one potential issue for review but stating that, in his view, there are no meritorious issues for appeal. Johnston was advised of his right to file a pro se supplemental brief, but he did not do so.

Johnston contends that the Government breached the plea agreement by refusing to file a motion for downward departure pursuant to § 5K1.1 of the Sentencing Guidelines.* Johnston's plea agreement, however, contained no unconditional promise to file a motion for downward departure, but instead left the decision to the Government's discretion. There is no evidence that the Government's refusal to move for a downward departure was based upon an unconstitutional motive or that the Government acted in bad faith. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. Snow*, 234 F.3d 187, 190-91 (4th Cir. 2000). We conclude that Johnston's allegation of a breach of the plea agreement is meritless.

In accordance with *Anders*, we have reviewed the entire record in this case. Our review convinces us that Johnston's plea was knowing and voluntary, and was supported by an adequate factual basis. *See* Fed. R. Crim. P. 11. Johnston's sentence of life imprisonment was statutorily mandated. We have found no meritorious issues for appeal, and we therefore affirm Johnston's convictions and sentence. We

---

*\*U.S. Sentencing Guidelines Manual* (2000).

remand the case to the district court for correction of clerical errors in the judgment order. *See* Fed. R. Crim. P. 36. Specifically, the "Nature of Offense" descriptions on page one of the order are incorrect for Counts One and Two, as is the statutory citation under Count Two. These errors do not affect the validity of Johnston's convictions or sentence.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*